**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In the Matter of: BRUCE G. FAGEL,<br><br>Debtor,<br><br>R.M., a minor and incompetent, by and through her Guardian ad Litem, Denielle Morales,<br><br>Appellant,<br><br>v.<br><br>BRUCE G. FAGEL, as a Law Corporation and individually,<br><br>Appellee. | No. 10-56134<br><br>D.C. No. 2:07-cv-02324-DDP<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Submitted February 10, 2012[**]
Pasadena, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: WARDLAW and CALLAHAN, Circuit Judges, and MARTINEZ, District Judge.[***]

Sometime in 1993, defendant-appellee Bruce G. Fagel committed legal malpractice while representing Ruby Morales[1] in a medical malpractice action. The parties are still arguing over the proper amount of damages Ruby should be awarded. The dispute continued in the bankruptcy court following Fagel's filing for bankruptcy protection, and that court eventually awarded Ruby damages in the amount of $2,966,725. Ruby appealed to the district court, which held that she had waived or abandoned any challenge to the damages award by consenting to the amount. We find that Ruby did not waive her challenge to the award because she challenged the amount of damages in her first post-judgment motion to the bankruptcy court. However, because the damages award is supported by evidence in the record, we affirm.

---

[***] The Honorable Ricardo S. Martinez, District Judge for the U.S. District Court for Western Washington, sitting by designation.

[1] Although referred to as R.M. in the caption of this appeal, Plaintiff-appellant Ruby Morales is no longer a minor. The parties use her full name in their briefs, and the district court did the same in its order. This memorandum follows that lead.

We review a district court's ruling on appeal from a bankruptcy court de novo. *In re Greene*, 583 F.3d 614, 618 (9th Cir. 2009). We "appl[y] the same standard of review applied by the district court." *Id.* The district court's decision may be affirmed on any ground supported by the record, even if not relied upon by the district court. *Forest Guardians v. U.S. Forest Serv.*, 329 F.3d 1089, 1097 (9th Cir. 2003). Accordingly, the decision may be affirmed, "even if the district court relied on the wrong grounds or wrong reasoning." *Cigna Property & Cas. Ins. Co. v. Polaris Pictures Corp.*, 159 F.3d 412, 418 (9th Cir. 1998) (citation omitted).

Ruby had challenged the amount of the judgment in her first motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). The bankruptcy court had granted her motion, reconsidered the damages, but in the end, still found Fagel's expert and his damages schedule more persuasive.

A Rule 59(e) motion to alter or amend a judgment may be used to substantively challenge a court's entry of judgment, but it "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (citations omitted). Thus, Ruby's second Rule 59(e) motion could not properly raise the same argument over the amount of damages. It would be patently unfair to find that Ruby waived a challenge to the damages award by

complying with the prohibition against improperly relitigating old matters in a Rule 59(e) motion.

The bankruptcy court's "computation of damages is a finding of fact we review for clear error." *Simeonoff v. Hiner*, 249 F.3d 883, 893 (9th Cir. 2001). We do "not disturb an award of damages unless if is 'clearly unsupported by the evidence' or it 'shocks the conscience.'" *Id.* (quoting *Milgard Tempering, Inc. v. Selas Corp. of Am.*, 902 F.2d 703, 710 (9th Cir. 1990)).

This case comes down to competing testimony from expert forensic economists regarding the calculation and present value of Ruby's future damages, including pain and suffering, loss of earnings, and medical costs. The bankruptcy judge found Fagel's expert more persuasive. Ruby does not cite any evidence in the record demonstrating that the bankruptcy court's use of Fagel's damage calculation was clearly erroneous. While there would have been sufficient evidence to support either expert, the court did not commit clear error by choosing to credit Fagel's expert.

**AFFIRMED**.